FILED

NOV -1 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 02-15-H-DWM |
| | ) | CV 11-49-H-DWM |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING PETITION |
| | ) | FOR WRIT OF ERROR |
| CHANG GUO YOU, | ) | CORAM NOBIS |
| | ) | |
| Defendant/Movant. | ) | |

On August 29, 2011, Defendant Chang Guo You, acting through counsel, filed a petition for writ of error coram nobis. He was charged in 2002 with two counts of harboring illegal aliens. You testified at trial. 2 Trial Tr. at 429:14-458:11, 3 Trial Tr. at 481:20-488:7. On May 30, 2003, a jury convicted him and his co-defendant, Mi Ae Yim, on all counts. Verdict (doc. 138). On September 15, 2003, You was sentenced to serve five months in prison, to be followed by five-months' home confinement and a two-year term of supervised release. Judgment (doc. 175) at 2-4; Am. Judgment (doc. 216). You appealed, but the Court of Appeals affirmed the

ORDER DENYING PETITION / PAGE 1

conviction and sentence on August 31, 2004. *United States v. You*, 382 F.3d 958, 962 (9th Cir. 2004). You discharged his sentence and was released from all supervision on June 25, 2007. Order (doc. 239).

You contends that the assistance of at least one of his lawyers[1] was constitutionally deficient because, although Fanning "understood" from You's "conversation . . . during the trial that he was able to participate and he understood what was going on," Fanning Aff. (doc. 241-2) at 2 para. 3, Fanning "now believe[s], after having known [You] for a number of years, that he understood next to nothing about the court case," *id.* You also contends that counsel performed deficiently because he did not advise You of potential immigration consequences. *See Padilla v. Kentucky*, __ U.S. __, 130 S. Ct. 1473 (2010). Finally, he contends that he did not understand at the time of his trial what it meant to "harbor" an illegal alien and that he is "innocent of trying to break the law, or assist people in escaping the immigration laws." You Aff. (doc. 241-1) at 2.

The writ of error coram nobis provides an avenue for challenging a conviction

---

[1] Mr. Fanning avers that he is "the attorney who tried the case" and was "the sole attorney to handle the case in court." Fanning Aff. at 1 para. 1. Palmer Hoovestal also participated. He conducted You's examination, 2 Trial Tr. at 429:13, 3 Trial Tr. at 482:8, as well as cross-examining the two aliens You was convicted of harboring, 2 Trial Tr. at 268:23, 314:16, the case agent, 2 Trial Tr. at 364:3, and perhaps others but I have not checked the transcript. At trial, Fanning said, "Mr. Hoovestal is lead counsel, the one Mr. Chang retained and the one that he relies on most heavily." 2 Trial Tr. at 223:24-25. Hoovestal was not permitted to argue the case because he was not present on the first day of trial. Minutes (doc. 113).

based on errors of fact which are "of the most fundamental character, that is, such as rendered the proceeding itself invalid." *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987) (quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914)). However, the remedy may only be invoked where no other relief is available and "sound reasons exist for failure to seek appropriate earlier relief." *Id.* (citing *United States v. Morgan*, 346 U.S. 502, 505 n.4 (1954)). Relief is available if:

> (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character. Because these requirements are conjunctive, failure to meet any one of them is fatal.

*Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) (citing, *inter alia*, *Hirabayashi*, 828 F.2d at 604).

Even assuming the truth of You's and his attorneys' assertions, he shows neither a valid reason for not attacking his conviction earlier nor that the errors he alleges are fundamental.

The only reason You gives for not attacking his conviction earlier, *see* Pet. at 5, is that *Padilla* was not issued until 2010, five and a half years after You's conviction became final. You's indictment in 2002 pre-dated virtually all the authority cited in *Padilla* to show that "prevailing professional norms of effective

representation" are violated by defense counsel's failure to advise a defendant of immigration consequences. *See Padilla*, 130 S. Ct. at 1482-83. Therefore, this reason is not persuasive.[2]

Even if that were not the case, *Padilla*'s issuance in 2010 would not constitute cause for You's failure to raise either his claim about immigration advice or his claim of linguistic disadvantage sooner. *See, e.g., Bousley v. United States*, 523 U.S. 614, 622-23 (1998) (holding that even a claim not barred by rule of *Teague v. Lane*, 489 U.S. 288 (1989), can be procedurally defaulted, and rejecting petitioner's claims of novelty or futility as cause to excuse default); *United States v. Swindall*, 107 F.3d 831, 836 (11th Cir. 1997) (per curiam) (noting that doctrine of procedural default would apply in coram nobis). Though *Bousley* allows for a showing of actual innocence to excuse procedural default, You – who is clearly aware of the case and the test, *see* Pet. at 6 – adduces no evidence or reason to suspect that it is more likely than not that no reasonable juror would find him guilty if he had been able fully to participate in his trial. *Bousley*, 523 U.S. at 623 (citing *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).

To the extent You suggests the language barrier is a valid reason he did not

---

[2] You does not allege "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland v. Washington*, 466 U.S. 668, 694 (1984), but I am not going to address the merits of the claim.

ORDER DENYING PETITION / PAGE 4

attack his conviction earlier, his testimony at trial shows that counsel were well aware of his difficulties in understanding some of the translation, *e.g.*, 2 Trial Tr. at 439:5-25, 443:17-23, 448:25-449:449:6, and, of course, You himself must have known that "[a]t the time of the trial I didn't understand the translators who were speaking," You Aff. at 1 para. 2. You could have moved for mistrial based on inadequate translation, *cf.* Minutes (doc. 58) (mistrial declared upon You's objection to Spanish interpreter's lack of certification to translate for government witnesses), could have filed a motion for new trial under Fed. R. Crim. P. 33(b), and could have pursued the issue on direct appeal. Fanning asserts he "knew even then that [You] had limited understanding of non-tangible concepts" but "understood" from You's "conversation with me during trial that he was able to participate and he understood what was going on." Fanning Aff. at 2 para. 3. One could probably say the same about many native speakers of American English. At any rate, Fanning's affidavit shows that his performance did not fall outside the wide range of reasonable professional assistance. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The fact that counsel's assistance was reasonable is indeed a valid reason for not attacking the conviction under § 2255, but it is not a reason for not attacking the conviction before judgment was entered or on direct appeal. *See United States v. Riedl*, 496 F.3d 1003, 1006-07 (9th Cir. 2007).

Finally, if there is no "fundamental" error when a defendant's fate was decided

by a jury later proved not to be impartial, *United States v. Mills*, 221 F.3d 1201, 1206 (11th Cir. 2000), then there is no "fundamental" error here:

> Only if the defendant makes any difficulty with the interpreter known to the court can the judge take corrective measures. To allow a defendant to remain silent throughout the trial and then, upon being found guilty, to assert a claim of inadequate translation would be an open invitation to abuse.

*Valladares v. United States*, 871 F.2d 1564, 1566 (11th Cir. 1989).

At trial, though You spoke only through an interpreter, it was clear that his own attorneys received the answers they expected to receive. That is the only possible evidence of a defendant's subjective understanding of questions asked and answered through an interpreter. Such participation could not be found to exemplify "fundamental error."

Accordingly, IT IS HEREBY ORDERED that You's petition for writ of error coram nobis (doc. 241) is DISMISSED.

DATED this 1st day of November, 2011.

Donald W. Molloy
United States District Court